UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
JONATHAN BLATT,

                Plaintiff,

             -against-                       19cv1227

THE CITY OF NEW YORK, *et al.*,        MEMORANDUM & ORDER

                Defendants.
-------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Jonathan Blatt moves for a preliminary injunction reinstating him as a probationary lieutenant in the New York City Police Department ("NYPD") pending the resolution of Departmental disciplinary charges. In addition, Blatt moves to seal two exhibits appended to Defendants' opposition brief. For the following reasons, Blatt's motion for a preliminary injunction is denied and his motion to seal is denied as moot.

        In July 2008, Blatt was sworn in as a police officer in the NYPD. (Compl., ECF No. 1 ("Compl."), ¶¶ 19, 20.) He was promoted to sergeant in August 2013. (Compl. ¶ 21.) In April 2015, he sat for the civil service promotional examination for lieutenant. (Compl. ¶ 22.) When he was passed over for promotion, he filed a class-action suit against the City of New York (the "City") challenging the administration and results of the lieutenant examination. (Compl. ¶ 23.) Thereafter, he voluntarily dismissed that federal action and commenced an Article 78 proceeding, which settled in June 2016. (Compl. ¶¶ 25, 26, 28.) In December 2016, Blatt was promoted to the rank of lieutenant and began a probationary term. (Compl. ¶ 32.) During his probationary period, Blatt took the captain's test and placed 5th out of 266 on the eligible list. (Compl. ¶ 36.)

1

In December 2017, as Blatt's probationary term as a lieutenant was drawing to a close, the NYPD extended it for an additional six months. (Compl. ¶ 37.) At that time, the NYPD informed Blatt that his probationary period was being extended because of an alleged workplace incident that was under review. (Compl. ¶ 39.) To be promoted to captain, one must serve as a lieutenant for at least two years and complete the probationary period. (Compl. ¶ 54.) At oral argument, Blatt explained that he needs 11 more days as a lieutenant to satisfy the two-year prerequisite.[1]

On July 18, 2018, just days before Blatt was scheduled to complete his probationary period, the NYPD demoted him to sergeant and placed him on modified duty. (Compl. ¶¶ 40–42.) One week later, the NYPD informed Blatt that disciplinary charges stemming from an August 18, 2017 incident of alleged sexual harassment had been filed against him. (Compl. ¶ 52.) To date, no Departmental hearing has been scheduled. (Compl. ¶ 55.)

On February 8, 2019, this Court denied Blatt's request for a temporary restraining order. Now, Blatt seeks a preliminary injunction reinstating him as probationary lieutenant.

I. Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "The decision to grant or deny a preliminary injunction rests in the district court's sound discretion." Peck v. Montefiore Med. Ctr., 987 F. Supp. 2d 405, 410 (S.D.N.Y. 2013). To succeed on his motion, Blatt must "establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of [his] claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a

---

[1] Although the City did not dispute this calculation at oral argument, it appears Blatt served as a probationary lieutenant for approximately 18 months, not the 23.5 months he claimed.

2

preliminary injunction is in the public interest." New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015) (quotation marks omitted).

At first blush, Blatt appears to seek a prohibitory injunction, which would not trigger the heightened standard associated with mandatory injunctions. Mandatory injunctions are those that alter the status quo, which is "the last actual, peaceable uncontested status which preceded the pending controversy," or "the parties' pre-controversy position vis-à-vis the other." N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc., 883 F.3d 32, 37-38 (2d Cir. 2018). Since Blatt seeks to be reinstated to probationary lieutenant—his position before the controversy arose—an injunction would technically only restore the status quo. See N. Am. Soccer League, 883 F.3d at 38 (determining the status quo by assessing the parties' relationship before the controversy that gave rise to the litigation). However, the practical effect of any injunction would put Blatt in a better position than he was in before the controversy arose, because Blatt's probation would end soon after his reinstatement to probationary lieutenant, and the NYPD would doubtfully demote him or extend his probation in the face of a preliminary injunction. Thus, Blatt's motion is better characterized as a mandatory injunction requiring heightened scrutiny. Ultimately, though, Blatt fails to satisfy even the lower standard.

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (quotation marks omitted). Blatt must demonstrate that his injury "is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley, 559 F.3d at 118 (quotation marks omitted). And "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." Faiveley, 559 F.3d

at 118; Westchester Fire Ins. Co. v. DeNovo Constructors, Inc., 177 F. Supp. 3d 810, 812 (S.D.N.Y. 2016) ("As a general rule, irreparable harm exists only where there is a threatened imminent loss that will be very difficult to quantify at trial." (quotation marks omitted)).

Blatt primarily advances two forms of irreparable harm: (1) an inability to accrue time in grade as a lieutenant to become eligible for promotion to captain, and (2) the chilling of his First Amendment rights.[2] Neither is persuasive.

The inability to accrue time in grade as a lieutenant does not constitute irreparable harm. First, any injury resulting from Blatt's inability to be promoted to captain can be addressed through monetary damages—namely, the salary differentials between sergeant and lieutenant and between lieutenant and captain. Second, Blatt claims that he needs only 11 more days as a lieutenant to be eligible for promotion to captain. And, as Blatt concedes, it is almost certain he will not be promoted to captain while disciplinary charges are pending against him. Therefore, if this Court does not grant the injunction and Blatt wins this lawsuit, he will need only 11 more days of service as a lieutenant to meet the experiential prerequisite for promotion. This is hardly an injury that warrants the "extraordinary remedy" he requests. Winter, 555 U.S. at 24; see also Faiveley, 559 F.3d at 118 (explaining that a movant must show that his injury is "one that cannot be remedied if a court waits until the end of trial to resolve the harm" (quotation marks omitted)). Moreover, it is unclear why monetary damages could not compensate Blatt for having to spend less than two more weeks as a lieutenant. Third, while Blatt was demoted in July 2018, he waited until February 2019 to seek a preliminary injunction. Such a lengthy period of inaction suggests a lack of need for this extraordinary relief. See Birnbaum v. Blum, 546 F.

---

[2] Blatt also argues that the "stigma" associated with his demotion is a form of irreparable harm. But it is unclear how an injunction would cure the purported stigma. His co-workers would still know about his demotion, his reinstatement would be pursuant to a publicly available court order, and—as his counsel conceded at oral argument—he would likely serve as a probationary lieutenant in name only on modified duty.

4

Supp. 1363, 1368 (S.D.N.Y. 1982) (finding no irreparable harm where a movant waited four months to institute an action because such an "unexplained lapse of time fosters significant doubt that any irreparable injury will occur here"). Fourth, and finally, it is entirely speculative whether Blatt would complete his probation or be promoted to captain even if completed it.

Blatt's argument with respect to the chilling of his First Amendment rights fares no better. Courts in this circuit "have not spoken with a single voice on the issue of whether irreparable harm may be presumed with respect to complaints alleging the abridgment of First Amendment rights." Amandola v. Town of Babylon, 251 F.3d 339, 343 (2d Cir. 2001) (per curiam). Indeed, some courts have presumed irreparable harm in First Amendment cases, while others have required that irreparable harm be shown. See Amandola, 251 F.3d at 343 (collecting cases). But this "tension . . . is more apparent than real." Bronx Household of Faith v. Bd. of Educ. of N.Y.C., 331 F.3d 342, 349 (2d Cir. 2003). Specifically, where a plaintiff alleges injury from a rule or regulation that directly limits speech, irreparable harm is presumed. Bronx, 331 F.3d at 349. But "in instances where a plaintiff alleges injury . . . that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights." Bronx, 331 F.3d at 350. Thus, Blatt must show that the adverse action "chill[ed] the exercise of [his First Amendment] rights." Am. Postal Workers Union v. U.S. Postal Serv., 766 F.2d 715, 721 (2d Cir. 1985).

Blatt fails to show a chilling effect on his First Amendment right to challenge actions of his employer or how an injunction would prevent the purported feared deprivation of that right. First, that he filed this action after his demotion shows that he has not been chilled from exercising his First Amendment rights. See Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d

5

Cir. 2001) ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."). Second, this Court fails "to understand how a chilling of the right to speak . . . could logically be thawed by the entry of an interim injunction." Am. Postal Workers, 766 F.2d at 722. Specifically, Blatt claims he fears adverse employment action if he challenges the actions of his employer. But that fear will not be allayed by an injunction where Blatt seeks to complete his probationary period as a lieutenant and to be promoted to captain. While this Court certainly does not condone any retaliation, Blatt falls short of showing how "an injunction will prevent the feared deprivation." Bruno v. Greenville Fire Dist., 2014 WL 12778254, at *6 (S.D.N.Y. Apr. 14, 2014). Finally, Blatt's conclusory statement that other officers will be chilled is insufficient to establish irreparable harm. See Am. Postal Workers, 766 F.2d at 722 (holding that a conclusory assertion that discharge "chilled the will of" other postal workers was insufficient to establish a chilling effect).

Accordingly, Blatt's motion for a preliminary injunction is denied. See Peck, 987 F. Supp. 2d at 413 (explaining that if a movant fails to establish irreparable harm, there is no need for a court to address likelihood of success on the merits).

II. Motion to Seal

Blatt also moves to seal two documents from his personnel record that Defendants appended to their opposition to the motion for a preliminary injunction. (ECF No. 10, Exs. A & B.) These documents discuss the sexual harassment allegations levied against Blatt. Because this Court denied Blatt's motion for a preliminary injunction for failure to establish irreparable harm, it did not consider the likelihood of success on the merits. Thus, these exhibits are unnecessary at this stage of the litigation. And given their sensitive nature, the exhibits should be stricken from the docket. See Katz v. Cellco P'ship, 794 F.3d 341, 346 (2d Cir. 2015)

("District courts no doubt enjoy an inherent authority to manage their dockets . . . ."); Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co., 2015 WL 4757601, at *3 (S.D.N.Y. Aug. 12, 2015) (explaining that a court's "inherent authority includes the court's ability to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances" (quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Blatt's motions for a preliminary injunction is denied and his motion to seal is denied as moot. However, the Clerk of Court is directed to strike Exhibits A and B from ECF No. 10.

Dated: March 26, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

7